IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JUAN CARLOS REYES, *et al* | § | CASE NO: 05-50590 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| THELMA REYES | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-5010 |
| | § | |
| STATE OF TEXAS, *et al* | § | |
| Defendant(s) | § | |

**MEMORANDUM OPINION**
**GRANTING DEFENDANTS' MOTION TO DISMISS**
(Doc. # 13)

　　After Debtor received a bankruptcy discharge, the State of Texas was awarded final judgment in state court holding Debtor liable for unpaid fuel taxes, penalties and attorney's fees that arose before the date that Debtor filed her petition commencing this bankruptcy case. In this adversary proceeding, Debtor seeks to enforce the discharge injunction and seeks sanctions against the State of Texas and its attorney for attempting to collect that debt. The Court concludes that the state court had jurisdiction to determine, and did determine, the amount of the claim and the dischargeability of the claim. Therefore the issues raised by Debtor in this adversary proceeding are issue precluded and the Court, by separate order issued this date, has dismissed this adversary proceeding.

I.　　**FED. R. CIV. P. 12(b) STANDARD**

　　The Federal Rules of Civil Procedure ("FRCP") allows a party to challenge the Court's jurisdiction over the subject matter of an adversary proceeding. FRCP 12(b)(1). The burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a challenge to jurisdiction over subject matter is accompanied by other 12(b) motions, the court should first consider its jurisdiction. *Id.* (*citing Hitt v. City of Pasaden*a, 561 F.2d 606, 608 (5th Cir. 1977) (per curium)). "A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts that would entitle plaintiff to relief. *Id.* (*citing Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (*citing Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996)).

Motions to dismiss under FRCP 12(b)(1) and 12(b)(6) are evaluated under the same standard. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

II.  **FACTS**

The parties do not dispute the facts.

On September 26, 2005, the State of Texas, acting through Assistant Attorney General John C. Adams (collectively "Defendants"), filed suit against Debtor/Plaintiff Thelma Reyes ("Debtor") in state court to collect taxes, interest and penalties allegedly owed by Debtor under the International Fuel Tax Agreement. Debtor then filed her petition commencing this case under chapter 7 of the Bankruptcy Code and filed a "Suggestion of Bankruptcy" in the state court case.

Debtor received her bankruptcy discharge on February 22, 2006.

A few weeks after the order of discharge was entered, the State of Texas, acting through its attorney, Adams, filed a pleading captioned "Notice of Termination of Stay." The notice alleged that the delinquent tax was not a dischargeable debt. Defendants then filed a Motion for Partial Summary Judgment and Entry of Final Judgment. Debtor, through counsel, was aware that the State of Texas was pursuing summary judgment.[1] Final Judgment was entered. No appeal was taken.

On November 14, 2006, subsequent to the date that the state court judgment became final, Debtor filed this adversary proceeding.

III.  **DISCUSSION**

    A.  Discharge

A discharge in a chapter 7 bankruptcy case relieves a debtor from liability for all debts that arose before the date of the filing of the petition except for debts described in Bankruptcy Code § 523. 11 U.S.C. § 727(b). The discharge operates as an injunction against the continuation of an action to collect any dischargeable debt. 11 U.S.C. § 524(a)(2).

    B.  Dischargeability

As noted, the bankruptcy discharge does not apply to certain debts described in § 523.

Although the bankruptcy court has jurisdiction over all § 523 issues, the exceptions to discharge over which the bankruptcy court has <u>exclusive</u> jurisdiction are those defined in § 523(a)(2), (a)(4), and (a)(6). 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4004. The bankruptcy court has original, but not exclusive, jurisdiction over disputes related to whether other debts are

---

[1] Defendant's Ex. 8 (Doc. # 21).

excepted from discharge. 28 U.S.C. § 1334(b).

> [D]ebtors can litigate dischargeability after a case is closed by doing one of the following: (1) assert the bankruptcy discharge as an affirmative defense, and the court with jurisdiction over that lawsuit can determine the issue of dischargeability under § 523(a)(3); (2) move to reopen the bankruptcy case under Fed. R. Bankr. P. 4007(b) for the purpose of filing a complaint to determine dischargeability; or (3) remove the action from state court to bankruptcy court under Fed. R. Bankr. P. 9027 to enforce the discharge injunction of § 524(a) against the creditor.

*In re Toussant*, 259 B.R. 96, 101 (Bankr. E.D. N.C. 2000).

      1. Res Judicata

Defendants contend that the state court judgment is res judicata of the amount of the debt and of the dischargeability of the debt. Res judicata is the preclusive effect of a prior judgment on <u>claims</u> that were asserted or that should have been asserted in a prior lawsuit, whether or not they were actually asserted. "To determine the preclusive effect of a state court judgment in a federal action, 'federal courts must apply the law of the state from which the judgment emerged.'" *Black v. North Panola School Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (quoting Amica Mut. Ins. Co. v. Moak, 55 F.3d 1093, 1096-97 (5th Cir.1995)). "Texas follows the transactional approach to res judicata. Under this doctrine, a subsequent suit is barred if it arises out of the same subject matter as a previous suit, and the matter could have been litigated in the prior suit." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources*, 99 F.3d 746, 756 (5th Cir. 1996) (citation omitted).

Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

      a. Final Judgment

The state court action was originally stayed during the pendency of the bankruptcy. The automatic stay terminated post-discharge when the discharge was entered and the State of Texas thereafter filed its Notice of Termination of Stay. Defendants filed the Motion for Partial Summary Judgment and Entry of Final Judgment. Final Judgment was entered September 21, 2006.

The Final Judgment was rendered by the 261st Judicial District Court of Travis County, Texas. The state court was the proper court for determination of the tax liability.

> (a) The attorney general shall bring suit in the name of the state to recover delinquent state taxes, tax penalties, and interest owed to the state.
> . . .
> (c) Venue for and jurisdiction of a suit arising under this section is exclusively conferred upon the district courts of Travis County.

Tex. Tax Code Ann. § 111.010 (Vernon's 2001).

As noted above, the state court has concurrent jurisdiction over dischargeability of tax claims.

### b. Identity

The parties before the Court are identical to the state court action.

### c. Current action based on claims that were of could have been raised in the first action

The Notice of Termination of Stay explicitly avers that Debtor had received a discharge in bankruptcy and that Texas's claim for delinquent taxes was not a dischargeable debt under Bankrutpcy Code § 523(a)(1)(A) and § 507(a)(8)(C). Thus the nature of the debt was an essential issue to the judgment and was adjudicated in state court, and Debtor had notice of that.

## 2. Rooker-Feldman

Defendants characterize this adversary proceeding as a collateral attack on the state court final judgment and further allege this Court lacks jurisdiction under the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine is confined to cases brought by the party against whom judgment was entered in state-court complaining of injuries caused by state-court judgments rendered before the federal proceedings commenced and inviting federal review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517 (2005). Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or to dismiss proceedings in deference to state-court actions. The Rooker-Feldman bar generally should not extend to state decisions that would not be given preclusive effect under the doctrine of res judicata. *See*, *Ingalls v. Erlewine (Matter of Erlewine)*, 349 F.3d. 205 (5th Cir. 2003). Instead, the doctrine "casts in jurisdictional terms a rule that is very close if not identical to the more familiar principle that a federal court must give full faith and credit to a state court judgement." *Gauthier v. Continental Diving Servs., Inc.*, 831 F.2d 559, 561 (5th Cir. 1987). For the reasons discussed above, the Court has concluded that the state court judgment is *res judicata* of the issues raised in this adversary proceeding and cannot be relitigated. The Court need not reach Rooker-Feldman, but if it must, then Rooker Feldman applies and the Court concludes that it has no jurisdiction to

review that decision.

        C.        Debtor's Motion for Sanctions

Because the final judgment issued by the state court resolved the issue of dischargeability in favor of the Defendants, there was no violation of the discharge injunction.

        D.        Defendants' Motion to Strike Affidavits and Attached Documents

The Court need not rule on this motion, since Defendants have prevailed and the Court has dismissed the complaint.

IV.        **CONCLUSION**

By separate order issued this date, Defendants' Motion to Dismiss is granted.

SIGNED 03/30/2007.

*[signature: Wesley W. Steen]*

WESLEY W STEEN
United States Bankruptcy Judge